ANGIE TRAEGER

*v.*

THE MUTUAL BUILDING AND LOAN ASSOCIATION *et al.*

*Opinion filed October 24, 1901.*

MORTGAGES—*when mortgagor cannot resort to equity to redeem.* A mortgagor who has conveyed the premises by deed absolute in form but intended merely as security for a debt, and who was a party to the foreclosure proceedings, has the legal right to redeem by making payment, under the statute, to the purchaser or the master in chancery, but cannot resort to equity to effect redemption where her only claim is that the purchaser, who had also obtained the interest of the grantee in the mortgagor's deed, refused to redeem or to permit her to do so.

*Traeger* v. *Mutual B. & L. Ass.* 63 Ill. App. 286, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ROSENTHAL, KURZ & HIRSCHL, for plaintiff in error.

M. L. RAFTREE, BOWEN W. SCHUMACHER, and F. WILLIAM KRAFT, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The superior court of Cook county sustained a demurrer to a bill in chancery for the redemption of certain real estate, filed by the plaintiff in error, and dismissed the bill. The Appellate Court, on the 31st day of March,

1896, affirmed the decree.   This is a writ of error caused to be issued out of this court by the plaintiff in error on March 26, 1901, to bring the judgment of the Appellate Court into review.

The bill alleged, in substance, that on the 23d day of February, 1889, at a sale by the master in chancery of Cook county under and by virtue of a decree of foreclosure entered against the plaintiff in error in favor of the Mutual Building and Loan Association, the defendant in error White became the purchaser of the mortgaged premises, and received a certificate of purchase which would entitle him to a deed unless redemption, as the statute provides, should be made from such sale; that after executing the mortgage on which such decree of foreclosure proceeded, plaintiff in error conveyed the premises to another by a deed absolute in form but actually for her use, and that on the 6th day of April, 1889, the title to the equity of redemption rested in one Roland R. Landis, but that said Roland R. Landis held the same solely for the purpose of securing the payment of a certain note given by the plaintiff in error to the Racine Wagon and Carriage Company, and that on said last mentioned day the defendant in error White procured the said Landis to convey said premises to him, said White; that "after the said foreclosure sale and issuing of said certificate, as aforesaid, to said White, Ellen A. Martin, for your oratrix and for the purpose of redeeming from said foreclosure sale, asked of the said White the exact amount which he required to be paid to redeem from said foreclosure sale, and thereupon the said White told the said Martin that he had purchased the outstanding title to said premises and that he would not receive money tendered to redeem from said mortgage, and that he would not permit or allow your oratrix to redeem said premises from him.   Your oratrix would further show that the premises, at the time of said foreclosure sale, were worth a large sum in excess of all indebtedness secured upon

said premises, and were worth about the sum of $20,000, and are still worth about that sum; that she could easily have borrowed the money upon said premises to redeem from said foreclosure sale, and also to redeem from the conveyance to the said Racine Wagon and Carriage Company, if the said White would have allowed her to redeem, but that, the title securing the said Racine Wagon and Carriage Company being absolute in form and the said White refusing to permit her to redeem, no one would lend her the money necessary to redemption, because in so doing they would purchase a lawsuit, and she had no other property upon which she could raise the money for such redemption." The bill contained no averment that an effort was made to redeem from the sale under the foreclosure decree by payment to the master, or otherwise to the defendant in error White, during the period allowed by the statute for redemption. The bill charged the defendant in error White had notice or was chargeable with notice that the conveyance to Landis, though in form a deed, was in fact but a mortgage.

Under the averments of the bill the defendant in error White held a certificate of purchase of the premises under the foreclosure decree and also had the title in fee to the equity of redemption, which, though absolute in form, was but security for a debt and in equity a mortgage. Redemption from the sale under the decree of foreclosure was governed solely by the statute. As to that, the plaintiff in error had no equities, but purely the right to redeem by compliance with the terms of the statute. (*Peoria and Springfield Railroad Co.* v. *Thompson,* 103 Ill. 187; *Anderson* v. *Olin,* 145 id. 168.) She was interested in the mortgaged premises, was a defendant to the foreclosure decree, and had legal right, under the statute, to make redemption from the sale made by the master, and could redeem by making payment to White, the purchaser at the sale, or to the master in chancery. (Starr & Cur. Stat. 1896, chap. 77, sec. 18, p. 2353.)

The determination of the question whether the interest in the premises which the defendant in error White held by virtue of his deed from Landis was title in fee or but an interest as mortgagee, and was subject to an equitable right in plaintiff in error to make redemption therefrom, would have justified a resort to a court of chancery for a decree awarding redemption therefrom, but resort to chancery was wholly unnecessary to enable her to redeem from the sale under the foreclosure decree. Such redemption might have been effected through a public officer,—the master in chancery. It does not appear, however, from the face of the bill, the plaintiff in error was ready and able to redeem from the master's sale at any time during the period of redemption allowed by the statute. On the contrary, it affirmatively appears from the bill that she had not the means to make such redemption, but that if White had recognized her right to redeem the title or interest he received from Landis, she could have mortgaged the premises and in that way have obtained the money necessary to enable her to redeem from the master's sale, and also to pay the amount which, as she claimed, the Landis title secured. There is no averment in the bill her right to redeem from the foreclosure sale was questioned, or that she sought or desired to make such redemption otherwise than in connection with the redemption from the title held by Landis.

The certificate of purchase issued to White ripened, under the statute, into an absolute conveyance, and the chancellor correctly held the averments of the bill were insufficient to warrant a decree granting to the plaintiff in error rights of redemption other or further than those provided in the statute.

The decree is affirmed.                    *Decree affirmed.*