HELENA VALLEY IRRIGATION DISTRICT, Plaintiff and Appellant, *v.* STATE HIGHWAY COMMISSION et al., Defendants and Respondents.

No. 11211.
Submitted September 14, 1967. Decided November 1, 1967.
Rehearing denied December 6, 1967.
433 P.2d 791.

Small & Cummins and Carl Hatch, Floyd O. Small (argued), Robert T. Cummins (argued), Helena, for appellant.

Herron & Reber, Clayton Herron (argued), Helena, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the plaintiff, Helena Valley Irrigation District, hereafter called District, from an adverse judgment in a declaratory judgment action. The action was brought for a determination of plaintiff's rights to recover a portion of future operation and maintenance assessments from the defendant, State Highway Commission, hereafter called Commission, when it exercises the power of eminent domain to take land within the irrigation district. The action was submitted on an agreed statement of facts and a stipulation as to the issues of law to be decided. The district court, sitting without a jury, found for the defendant Commission.

The plaintiff is an irrigation district organized pursuant to Chapter 12 of Title 89, Revised Codes of Montana 1947.

The plaintiff levies and assesses special assessments or taxes on the basis of the number of acres included within the district. The amounts are used to pay off indebtedness of the district and to pay the costs of operation and maintenance. When a reduction in the number of irrigable acres occurs then the per acre cost of operation and maintenance increases.

The defendant condemned land within the District and has paid the persons owning the land the value thereof and other damages incurred by the owners as a result of the taking. The takings have reduced the total irrigable acreage of the District. The defendant has refused to pay to plaintiff any amounts for annual operation and maintenance expenses attributable to the lands taken. It has paid the proportionate share of unpaid construction costs of the District attributable to the lands and the District is not claiming in this suit compensation for lands taken which were owned by it.

The parties stipulated that the following are the issues of law to be decided in this action.

Where the State of Montana, acting by and through the State Highway Commission, takes lands within an irrigation district, is the State of Montana legally obligated to pay to the said irrigation district any levy, assessment or proportionate share of the annual operation and maintenance expenses of the district incurred after such taking, or any amount whatsoever based on such operation and maintenance costs, in addition to the compensation paid to individual landowners whose lands are so taken?

In such circumstances, is the State of Montana obligated to pay any compensation or damages, to the irrigation district, for such financial loss as said district may sustain by additional operation and maintenance costs, and costs or expenses incidental thereto, resulting from the construction of highways for which said lands are taken by the State of Montana, acting by and through the Commission, in addition to the compensation paid to the individual landowners whose lands are so taken?

The lower court answered the first issue in the negative and in the exercise of its discretion refused to rule on the second. The basis for the court's discretion was that no decree would terminate the controversy or remove the uncertainty involved.

The plaintiff's position is that the refusal by the Commission to pay future operation and maintenance assessments, and the other damages claimed, is an unconstitutional taking or damaging of property without first giving just compensation. The plaintiff further contends that R.C.M.1947, § 32-1615.1 requires the payment of the operation and maintenance assessments. This section provides:

*"Compensation for irrigable lands rendered unusable.* Whenever the state highway commission constructs a highway through an irrigation or drainage project or district and acquires under eminent domain, or otherwise, irrigable land for highway purposes, or so acquires land for such purposes which acquisition renders other irrigable land unusable for irrigation,

the state highway commission shall pay to the owner of the irrigation or drainage project, or to the irrigation or drainage district, in addition to any other sums allowed by law, a proportionate share of the unpaid construction costs of the project or the district, if any, for the irrigable land so acquired, or such irrigable land rendered unusable for irrigation."

This statute has been repealed and replaced in 1965 by section 32-3916, R.C.M.1947, which provides:

"*Rendering irrigable lands unusable — unpaid construction costs.* Whenever the commission acquires irrigable land for highway purposes, or so acquires land as to render other irrigable land unusable for irrigation, it shall pay to the owner of the irrigation or drainage project, in addition to other sums allowed by law, a proportionate share of the unpaid construction costs of the project or drainage district."

Turning first to the contention that there has been an unconstitutional taking or a violation of a constitutional right, we note that the plaintiff is essentially a marketing and service organization. It claims it has a property right in the right to collect from the lands in its district the annual operation and maintenance charges. It terms this constitutional right a right of "equitable distribution of costs."

Absent, however, the existence of statute or an agreement to the contrary, this court cannot see that there is a constitutional right for a seller of goods or services to be paid when no goods or services can be delivered. The plaintiff has cited only one case purporting to support such a result.

In State of Wash. v. Human Relations Research Foundation, 64 Wash.2d 262, 391 P.2d 513 (1964), the Washington Court uses language at one point which says that operation and maintenance assessments are a property interest "for which the respondent district is entitled compensation." However, the State of Washington has a statute requiring the payment of operation and maintenance expenses which is the basis for that

decision. We cannot agree with the Washington Court to the extent, if any, that they relied on the theory of an unconstitutional taking to arrive at their decision rather than on their state statutes. Plaintiff cites the following cases in support of his theory of an unconstitutional taking. Town of Clarksville, Va. v. United States, 198 F.2d 238 (4th Cir. 1952); United States v. Chicago B. & Q. R. Co., 82 F.2d 131 (8th Cir.); United States v. 31.07 Acres of Land, 189 F.Supp. 845 (D.C.Mont.1960) (leasehold); Goodyear Farms v. United States, 241 F.2d 484 (9th Cir.) (easement). In all these cases the claimant was the owner of the property taken or destroyed and the action was to recover all the damages resulting therefrom.

Jefferson County, Tenn. v. T.V.A., 146 F.2d 564 (6th Cir.); United States v. Wheeler Tp., 66 F.2d 977 (8th Cir.) and Town of Bedford v. United States, 23 F.2d 453, 56 A.L.R. 360 (1st Cir.) are also cited by plaintiff. These actions were for damages for the taking of roads and were all maintained by the holder of the proprietary interest in the roads.

All the above cases are distinguished from the case at bar in that they are actions by the owners of the property and for the damages incurred by them. The cases are not authority for the proposition that a provider of goods and services to lands of another has a constitutional right to continue to receive payment for the cost of providing those goods and services when the goods and services are no longer provided. That such a result might be obtained by statute or contract does not make it a constitutional right.

The cases of United States v. Florea, 68 F.Supp. 367 (D.C. Or.), and United States v. Aho, 68 F.Supp. 358 (D.C.Or.), were suits for operation and maintenance expenses of drainage districts when lands in the districts were condemned by the United States. The court in United States v. Florea, supra, distinguished drainage districts from irrigation districts. The drainage districts continued to benefit the lands after the taking. Because of this, the Florea and Aho cases are not

authority for the proposition that without a continuing benefit to the land it is constitutionally required that the government pay operation and maintenance assessments.

Toole County Irr. Dist. v. State, 104 Mont. 420, 67 P.2d 989 (1937), ruled that the State of Montana must pay operation and maintenance assessments to the irrigation district when they acquired agricultural land by mortgage foreclosure. The land continued to be irrigable. The case was decided on the question of whether the charges were an assessment or a tax. The case is not authority for the proposition that once the services are terminated that the State must continue paying for them.

█ We find that there is no constitutional right for an irrigation district to receive future operation and maintenance assessments when the State of Montana through the State Highway Commission condemns lands within the district and the land is no longer irrigable. Since there is no constitutional right to these assessments, plaintiff's right to receive them depends upon the statutes which bring it into existence.

██ Taking up now the further contention, being that the statutory law embraced in sections 32-1615.1 and 32-3916, R.C.M.1947, supra, requires the payment of the operation and maintenance assessments. These statutes provide only that the State Highway Commission must pay the proportionate share of upaid construction costs when they take land in an irrigation district. This is a specific command to the Commission to pay the construction costs. It is a rule of statutory construction that the express mention of one matter excludes other similar matters not mentioned. 82 C.J.S. Statutes § 333, p. 668. Applied here, it means that having specifically mentioned construction costs and not having mentioned the corollary costs of operation and maintenance, the latter is not to be paid by the Highway Commission. By omission the legislature relieves the Commission from the payment of operation and maintenance assessments.

 It is also a rule of statutory construction that the legislature acted with full knowledge and information as to the subject matter and existing conditions including the construction placed on previous law by executive officers acting under it. 82 C.J.S. Statutes § 316, pp. 541-544, incl. Under this presumption it must be assumed that the legislature knew the Highway Commission refused to pay construction, operation and maintenance costs. The legislature then passed the statute requiring payment of construction costs. It must be presumed and held that the legislative intent and enactment were that the Commission pay the construction and not pay the operation and maintenance assessments.

 Appellant points out section 89-1832, R.C.M.1947, which provides that the land in the irrigation district remains liable for assessments and taxes even if the original owner transfers the land. If this section was meant to apply to lands taken for highway purposes then sections 32-1615.1 and 32-3916 would be meaningless. The court will presume that the legislature would not pass useless or meaningless legislation. 82 C.J.S. Statutes § 316 pp. 546-547. Section 89-1832 does not apply when the Highway Commission acquires land for highway purposes.

It cannot be said that the phrase in section 32-1615.1, "in addition to any other sums allowed by law" requires the payment of operation and maintenance. If the operation and maintenance was required to be paid under that phrase then the portion of that statute referring to construction costs was useless for construction costs would be covered by that phrase.

The fact that the legislature saw fit and need to pass the statute leads to the presumption that the enactment was necessary in order to provide for payment of construction costs and likewise it is presumed that a statute is needed to provide for payment of operation and maintenance.

In conclusion, we find no constitutional requirement that operation and maintenance assessments be paid to an irriga-

tion district after irrigability ceases. Thus, the requirement for payment must be found in the statutes of Montana. The statutes dealing with the subject indicate that the legislative intent was to provide for payment for unpaid construction costs and not for operation and maintenance.

■ As to the second issue which the lower court refused to rule on, section 93-8906, R.C.M.1947, grants the court discretion in this matter. This court will only reverse for an abuse of that discretion. We can find no abuse in this case.

The judgment is affirmed.

MR. JUSTICES HASWELL, ADAIR and JOHN C. HARRISON concur.

MR. JUSTICE CASTLES deems himself disqualified and takes no part in this Opinion.