No. 13002

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA, ex rel.
CHESTER L. JONES, County Attorney
of Madison County, Montana,

Plaintiff and Appellant,

-vs-

JOHN M. GILES and LYNN GILES,

Defendants and Respondents.

---

Appeal from: District Court of the Fifth Judicial District,
Honorable Frank E. Blair, Judge presiding

Counsel of Record:

For Appellant:

Chester L. Jones, County Attorney, argued, Virginia
City, Montana

For Respondents:

Goldman, McChesney and Eck, Missoula, Montana
H. L. McChesney argued, Missoula, Montana

For Amicus Curiae:

Donald A. Douglas argued, Helena, Montana

---

Submitted: September 11, 1975

Decided: OCT 10

Filed:

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The Madison County attorney appeals from a district court judgment dismissing his action to abate as a public nuisance, pursuant to the Montana Outdoor Advertising Act, a commercial sign along a primary state highway.

The facts are undisputed. Defendants, John M. and Lynn Giles, own the King's Motel in Twin Bridges, Montana, which has on its premises, and within 660 feet of the primary highway, a small flashing sign, containing a forty watt light bulb on each side. Flashing signs are prohibited within 660 feet of a primary highway unless they provide "public service information such as time, date, temperature, weather or similar information." Sections 32-4747 and 32-4719(j), R.C.M. 1947.

All outdoor advertising which does not conform to the requirements of the Outdoor Advertising Act is denominated a public nuisance. Section 32-4728, R.C.M. 1947.

The controlling issue on appeal is whether section 32-4722, R.C.M. 1947, provides an administrative remedy for the removal of noncomplying signs that must be exhausted before resorting to the judicial system.

Appellant contends the statement in section 32-4728, R.C.M. 1947, declaring nonconforming advertising to be a public nuisance grants him authority to enjoin and abate the King's Motel sign as a public nuisance. It is asserted that the remedy of abatement of public nuisances provided in section 57-108(3), R.C.M. 1947, is a basis for judicial action in the instant case.

It is contended that sections 57-111 and 16-3101(1), R.C.M. 1947, require county attorneys to abate nonconforming signs as public nuisances. In our view, the fact that non-conforming signs are defined as public nuisances does not per se authorize circumvention of administrative remedies within

the Department of Highways. Section 32-4722, R.C.M. 1947, provides an administrative remedy for removal of nonconforming signs and judicial relief may not be sought until administrative remedies have first been exhausted. It is a general principle that if an administrative remedy is provided by statute, that relief must be sought from the administrative body and the statutory remedy exhausted before relief can be obtained by judicial review. State ex rel. Sletten Const. Co. v. Great Falls, 163 Mont. 307, 516 P.2d 1149; Ralph's Chrysler-Plymouth v. New Car Deal. P. & A. Bd., 106 Cal.Rptr. 169, 8 Cal.3d 792, 505 P.2d 1009; Top Hat Liquors, Inc. v. Department of Alco. Bev. Con., 118 Cal.Rptr. 10, 13 Cal.3d 107, 529 P.2d 42.

Section 32-4722 establishes a specific administrative remedy for the removal of nonconforming outdoor advertising. Advertising erected after June 24, 1971, contrary to the Outdoor Advertising Act is unlawful. The Department of Highways is granted authority to enter upon private lands to determine whether outdoor advertising complies with the Act. If it is determined that the advertising is unlawful, the Department is instructed to notify the owner of the land and advertising structure of its intention to remove the illegal advertising. The owner then has forty-five days to request a hearing before the Highway Commission to show cause why the structure should not be removed. If no hearing is requested, or if there is no appeal from the commission's decision at the hearing, or if the Commission's decision is affirmed on appeal, the Department has authority to remove the objectionable advertising.

In determining legislative intent, an express mention of a certain power or authority implies the exclusion of non-described powers. Reed v. Reed, 130 Mont. 409, 304 P.2d 590; Helena Valley Irrigation Dist. v. St. Hwy. Comm'n, 150 Mont.

192, 433 P.2d 791, 82 C.J.S. Statutes § 333. Therefore, section 32-4722 sets forth the specific administrative procedure to be used by the Department in removing nonconforming advertising.

The legislative history of the Act is helpful in determining legislative intent. In 1967 the legislature enacted sections 32-4701 to 32-4714, R.C.M. 1947, regarding zoning and advertising regulation along highways. Section 32-4711, provided:

> "The State Highway Commission shall enforce the
> provisions of this act through the remedy of in-
> junction or other appropriate legal proceedings,
> and shall not act except through such proceed-
> ings."

In 1971 sections 32-4701 to 32-4714, R.C.M. 1947, were repealed by Sec. 17, Ch. 2, 2nd Ex. Laws 1971 and sections 32-4715 to 32-4728, R.C.M. 1947, (Outdoor Advertising Act) were enacted. The remedy of "injunction and other appropriate legal proceedings" was replaced by the administrative remedy set forth in section 32-4722.

An established rule of statutory construction is that there is a presumption the legislature, by repealing an old law and adopting a new statute, intended to make some change and that the courts will endeavor to give some effect to this change. State ex rel. Dick Irvin Inc. v. Anderson, 164 Mont. 513, 525
31 St.Rep. 482;
P.2d 564, Van Tighem v. Linnane, 136 Mont. 547, 349 P.2d 569; State v. Swanberg, 130 Mont. 202, 299 P.2d 466. In light of this rule it is evident that the legislature intended to eliminate the judicial remedy prescribed by section 32-4711 until administrative remedies are first exhausted.

Section 32-4715, a legislative policy statement, reveals the intent of the legislature as follows:

> " * * * it shall be the policy of this state
> that the erection and maintenance of outdoor
> advertising in areas adjacent to the right of
> way of the interstate and primary systems

- 4 -

within this state shall be regulated in accordance with the terms of this act and the rules and regulations promulgated by the commission [Highway Commission], pursuant thereto. It is the intention of the legislature in this act to provide a statutory basis for regulation of outdoor advertising * * *."

This section clearly and expressly states that it is the intention of the legislature that the Department of Highways administer the Act, promulgate administrative rules and regulations and that the Act itself is to provide the remedy for enforcement of its provisions.

Undue importance cannot be attached to the statement that nonconforming signs are public nuisances. Section 32-4728, R.C.M. 1947, must not be construed in a vacuum. It is a general rule of statutory interpretation that legislative intent cannot be determined from the wording of any particular section or sentence, but rather from a consideration of the Act as a whole. Home Bldg. & Loan v. Bd. of Equalization, 141 Mont. 113, 375 P.2d 312; Aleksich v. Industrial Acc. Fund, 116 Mont. 127, 151 P. 1016. Applying this rule to the following sections of the Act establishes that the legislature intended section 32-4722 to be the exclusive remedy for removal of nonconforming advertising.

Throughout the Act repeated delegation of authority for its administration and enforcement is made to the Department of Highways. Sections 32-4715 and 32-4718 expressly provide that the erection and maintenance of outdoor advertising shall be regulated in accordance with the terms of the Act and the rules and regulations promulgated by the Highway Commission.

A permit system for certain outdoor signs is established by sections 32-4720 and 32-4717, R.C.M. 1947. This permit system is to be administered by the Department of Highways. The Department has authority to take remedial action when it determines

that a false or misleading statement has been made in a permit application or that a sign is unsafe or in an unreasonable state of repair. Under these circumstances section 32-4721 directs that the Department notify the permit holder "of the violation and specify that remedial action shall be taken within sixty (60) days or the permit will be revoked and action for removal of the sign commenced as provided in section 32-4722. * * *" Here again, the legislature is expressly stating that section 32-4722 provides an exclusive administrative remedy.

In section 32-4723, R.C.M. 1947, the Department is empowered to acquire by gift, purchase, agreement, exchange or eminent domain nonconforming outdoor advertising rights which were in lawful existence on the effective date of the Act.

Section 32-4724, R.C.M. 1947, gives the Department authority to enter into an agreement with the Secretary of the United States Department of Transportation establishing permissible specifications for outdoor advertising.

All of these sections viewed as a whole, logically point to the conclusion that section 32-4722 was intended to be the exclusive remedy for removal of nonconforming signs.

The judgment of the district court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -