No. 13333

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

BARBARA BERG LESTER,

                    Plaintiff and Respondent,

-vs-

J. & S. INVESTMENT COMPANY,
JOHN O. DAVIES and SAM McDONALD,

                    Defendants and Appellants.

---

Appeal from:  District Court of the First Judicial District,
             Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Appellants:

        Crowley, Haughey, Hanson, Gallagher and Toole,
        Billings, Montana
        H. Elwood English argued, Billings, Montana

    For Respondent:

        W. William Leaphart argued, Helena, Montana

---

                Submitted:  October 19, 1976

                Decided:  NOV 23 1976

Filed: NOV 23 1976

_Thomas J. Kearney_
                        Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment of the district court, Lewis and Clark County, denying defendants a management fee as a proper deduction from rents and profits when property was redeemed.

The facts are not in dispute. J & S. Investment Company (hereinafter referred to as buyers) bought an apartment house at a sheriff's sale in Helena, Montana. Barbara Berg Lester (hereinafter referred to as redemptioner) sought to redeem the property. On January 20, 1975 buyers were informed by redemptioner, through her attorney, that she intended to redeem the property. She requested they furnish her with the figures necessary to compute the balance due on the redemption. A letter dated February 18, 1975, furnished the figures necessary for the balance due on the proposed redemption.

The expense items claimed as an offset to the rents and profits of the property during the time of its possession included a management fee of $2,118, along with a credit for 'principle interest payment' in the amount of $10,170.

Redemptioner relied on the buyers' figures and tendered payment, however the calculations reflected in her letter of tender specifically denied that buyers were entitled to a management fee under Montana law and thus she disallowed the claim. In addition, her calculations included a $2,143 overpayment in principal and interest. Buyers accepted, even though the tender was in excess of the amount expected.

Upon discovery of the error, redemptioner, through her attorney, made claim for the overpayment. Buyers failed to reimburse and this action was filed.

Both parties filed motions for summary judgment. The parties agree that (1) if judgment was entered for redemptioner, the measure of damages would be $2,143.89, (2) if judgment was entered for buyers, the damage would be $25.89, to be paid redemptioner by buyers.

The issue on appeal is whether, under Montana law, a management fee actually paid to a management company is an expense which may be set off against the rents and profits for which a purchaser at sheriff's sale must account to the redemptioner?

The right of redemption is purely of statutory origin, and can be exercised within the time and upon the conditions prescribed by statute. Parcells v. Nelson, 103 Mont. 412, 63 P. 2d 131. In Montana the conditions governing redemption are set forth in section 93-5840, R.C.M. 1947:

> "Who entitled to rents and profits. The purchaser, from the time of the sale until a redemption, and a redemptioner, from the time of his redemption until another redemption, is entitled to receive, from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof. But when any rents or profits have been received by the judgment creditor or purchaser, or his or their assigns, from the property thus sold preceding such redemption, the amount of such rents and profits shall be a credit upon the redemption money to be paid; and if the redemptioner or judgment debtor, before the expiration of the time allowed for such redemption, demands in writing of such purchaser or creditor, or his assigns, a written and verified statement of the amount of such rents and profits thus received, the period for redemption is extended five days after such sworn statement is given by such purchaser or his assigns to such redemptioner or debtor. If such purchaser or his assigns shall, for a period of one month from and after such demand, fail or refuse to give such statement, such redemptioner or debtor may bring an action, in any court of competent jurisdiction, to compel an accounting and disclosure of such rents and profits, and until fifteen days from and after the final determination of such action, the right of redemption is extended to such redemptioner or debtor."

Buyers argue that although section 93-5840 does not specifically provide for a management fee, both common sense and logic dictate that the phrase "rents and profits" be interpreted to mean net rents and profits.

Redemptioner argues, and we agree, that the "right of redemption", a right created by statute, is not property in any sense of the term but a bare personal privilege. It can be exercised only within the time and upon the conditions prescribed by the statute. Parcells v. Nelson, supra. Too, the person from whom a statutory redemption is sought cannot impose conditions not imposed by the statute. Traeger v. Mutual Building & Loan Ass'n, 63 Ill.App. 286, (see also 61 N.E. 424); Euclid Terrace Corp. v. Golterman Enterprises Inc., (Mo. 1959), 327 S.W.2d 542; 59 C.J.S. Mortgages §852(a).

Two cases from Oregon, one from state court Murray v. Wiley, 180 Or. 257, 176P.2d 243, the other a Ninth Circuit court case Investors Syndicate v. Smith, 105 F.2d 611, 619, interpret that state's statute, one like Montana's. In Investors Syndicate, the court said:

> "* * * A mortgagee in possession must account for, and apply, the rents and profits on the debt secured; is entitled to reimbursement for keeping the property in repair, but 'cannot collect pay for services rendered for himself' in attending the mortgaged property, or obtain 'reimbursement for permanent improvements which he installs.'"

See also: 2 Jones, Mortgages, 8th ed. § 1449.

In an earlier Oregon case, Caro v. Wollenberg, 83 Or. 311, 163 P. 94, 96, that court noted that while the mortgagee had

possession of the property, the attention given the property was all in his own interests, and he should not be allowed to collect for services rendered for his benefit. We agree. In taking possession of the property the buyer is taking a calculated chance that the mortgagor will be unable to redeem and thus the buyer may have gained the property at a bargain price. When the mortgagor redeems the property, and the buyer has had it managed by someone, that is part of the price of his investment---a chance that he takes. In construing a statute, courts cannot insert what has been omitted. That is the responsibility of the legislature. Section 93-401-15, R.C.M. 1947.

The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Jack L. Green, District
Judge, sitting for Justice
Wesley Castles.

- 5 -