No. 14274

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

STAN DODD,

Plaintiff and Appellant,

-vs-

THE CITY OF EAST HELENA, a Montana
Corporation, and JOHN VERBANAC, the
Mayor of East Helena,

Defendants and Respondents.

Appeal from:   District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Jackson and Kelley, Helena, Montana

For Respondents:

Luxan, Murfitt, Davis and Cosgrove, Helena, Montana

For Amicus Curiae:

Keller, Reynolds & Drake, Helena, Montana

Submitted on briefs: January 29, 1979

Decided ᴍᴀʀ : 1979

Filed: ᴍᴀʀ : 1979

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by Stan Dodd, a former policeman in the City of East Helena, County of Lewis and Clark, Montana, from a ruling of the District Court of the First Judicial District, determining that he was not entitled to overtime compensation as a policeman of a third class city. The issue on appeal is whether or not the trial court properly determined that policemen of third class cities are not entitled to overtime compensation.

Appellant was employed as a policeman for the City of East Helena, Montana, from January 1, 1975, to May 19, 1977. Appellant has alleged that during this period he regularly worked overtime without any reimbursement. The City of East Helena admits that it did not pay any overtime to appellant during the period of his employment. The issue on appeal involves the sole question of whether or not policemen of third class cities are entitled to overtime compensation.

In 1971 the legislature enacted the Minimum Wages and Hours Act which was codified as section 41-2301, et seq., R.C.M. 1947, now section 39-3-401 et seq. MCA, which became effective July 1, 1971. In conformity with the provisions of the act, the Commissioner of Labor issued, on July 1, 1971, initial regulations interpreting the provisions of the Minimum Wage Act. Request was made of the Commissioner by the Montana Police Association as to whether policemen were covered by the act and entitled to overtime compensation. The Commissioner by letter responded in the affirmative.

On July 27, 1971, a petition for a declaratory judgment was filed in this Court in Cause No. 12100, entitled the City of Billings and Yellowstone County v. The Honorable Sid

Smith, Commissioner of Labor of the State of Montana.
Numerous issues were raised in the petition regarding the
validity and coverage of the Minimum Wage Act. The petition
alleged (1) that the act was unconstitutional and void, and
(2) that police officers, firemen, and deputy sheriffs were
excluded from the provisions therein on the grounds that
each was a professional. This Court accepted original
jurisdiction and issued its opinion on October 29, 1971.
City of Billings v. Smith (1971), 158 Mont. 197, 490 P.2d
221. The act was determined to be constitutional, but we
held that policemen were bona fide professionals and thereby
exempt from its provisions.

By reason of this Court's decision, the 1973 legisla-
ture amended the Municipal Police Act by enactment of sec-
tion 11-1832.2, R.C.M. 1947, now section 7-32-4119 MCA,
which provides:

> "Members of the police departments of cities of
> the first and second class, except those officers
> holding the rank of captain or above, are entitled
> to compensation for overtime as provided under
> section 41-2303(b)."

The Billings determination by this Court was not limited
in any way to the policemen working in cities of any specific
size. On the contrary, for the reasons set forth in the
opinion, they are applicable to policemen working in any
city or town in the State of Montana. In fact, the legisla-
tive treatment of policemen referred to in the opinion is
contained in what is known as the Municipal Police Act,
section 11-1801, et seq., R.C.M. 1947, now section 7-32-4101
et seq. MCA, which provides the basic guidelines for all
cities and towns for the administration and operation of
their police departments.

As a result of the Billings decision, no policemen in Montana were entitled to receive any overtime compensation. As noted, the 1973 legislative assembly amended the Police Act by adding section 11-1832.2, R.C.M. 1947, now section 7-32-4119 MCA. According to the amendment, those policemen in first and second class cities became entitled to overtime compensation. The decision in Billings applied to all policemen. The effect of section 11-1832.2 was that the legislature overruled the Billings decision only as it applied to policemen in first and second class cities. Consequently, policemen employed by cities of the third class were not entitled to receive overtime compensation.

The decision of this Court has not been changed by the legislature or by this Court. All the arguments of appellant notwithstanding, the state of the law at this time is that while the Billings decision applied to all policemen, there is a special act which now segregates third class city policemen.

Subissue (a) set forth by appellant is whether the Billings decision contains an inherent conflict which must be addressed by this Court. Appellant argues that there is conflict in the reasoning of this Court's opinion which must be clarified. He argues that "[I]f policemen are excluded from the Minimum Wages Act, then there can be no conflict between the Minimum Wage Act and Section 25-604. This inherent contradiction should be addressed and clarified by the Honorable Supreme Court of the State of Montana." The contradiction which appellant addresses does not exist.

The Billings case held that policemen were excluded from the terms of the act because of their separate treatment under the terms of the Municipal Police Act, Chapter

18, Title 11.  The statute referred to by appellant, section 25-604, R.C.M. 1947, now sections 7-4-2505 and -2402 MCA, relates only to compensation for deputy sheriffs.  This Court in finding that a deputy sheriff was excluded referred to a conflict between the specific statute (25-604) specifying their pay and the general statute, the Minimum Wage Act, and a determination of which statute would govern. That discussion had nothing to do with the rationale for finding that policemen were professionals.  We find no conflict in the opinion which requires further clarification.

Appellant next addresses his subissue (b) concerning the effect of the legislature's enactment of section 11-1832.2, R.C.M. 1947, now section 7-32-4119 MCA.  Appellant argues that the omission of policemen of third class cities from the statute was a mistake and that this Court should correct same.  He states that "therefore, it is quite evident that the insertion of first and second class cities in the above act was either a drafting error or inserted simply through the ignorance of the possible consequences."  The argument that this exclusion was "scrivener's error" on the part of the legislature and the request that this Court rewrite the statute to insert third class cities within its provisions contain no citation of authority to support such an action by this Court.

We have held on numerous occasions that this Court cannot rewrite statutes to omit what parties feel should be omitted or insert what parties feel should be inserted.  In a recent decision, Mont. Depart. of Rev. v. Am. Smelting & Refining (1977), ____ Mont. ____, 567 P.2d 901, 905-06, 34 St.Rep. 597, 602, the Court said:

-5-

"The function of the Supreme Court when con-
struing a statute is simply to ascertain and
declare what is in substance stated therein, and
not to insert what has been omitted or to omit
what has been inserted. (Citations omitted.)
The fundamental rule of statutory construction
is that the intent of the legislature controls.
(Citations omitted.) Where the intent of the
legislature can be determined from the plain
meaning of the words used, the courts may not
go further and apply any other means of inter-
pretation. . ."

See also Matter of Estate of Baier (1977), ____ Mont. _____,

567 P.2d 943, 34 St.Rep. 860; Myers v. 4 B's Restaurant,

Inc. (1977), 172 Mont. 159, 561 P.2d 1331, 34 St.Rep. 187;

Lester v. J. & S. Investment Company (1976), 171 Mont. 149,

557 P.2d 299, 33 St.Rep. 1104; State ex rel. Nawd's T.V. &

App. Inc. v. District Court (1975), 168 Mont. 456, 543 P.2d

1336.

Applying these rules of statutory construction sup-

ports the proposition that there is no mistake on the part

of the legislature. It specifically mentioned cities of

first and second class only and failed to mention cities of

third class or towns. We are bound by the following rule of

statutory construction: ". . . It is a rule of statutory

construction that the express mention of one matter excludes

other similar matters not mentioned. . ." Helena Valley

Irr. Dist. v. State Highway Comm'n (1967), 150 Mont. 192,

198, 433 P.2d 791, 794.

It was also noted in the above entitled case that there

is a presumption that the legislature acts knowing full well

the facts existing at the time of the enactment of the

legislation. "It is also a rule of statutory construction

that the legislature acted with full knowledge and informa-

tion as to the subject matter and existing conditions in-

cluding the construction placed on previous law by the

executive officers acting under it. . ." 150 Mont. at 199,

433 P.2d at 794.

The legislature obviously was aware of the Billings decision when it amended the act to include policemen of first and second class cities and knew full well of the effect of this act and intended specifically to limit it to the larger cities and to exclude the smaller cities.

Appellant argues that the enactment of section 11-1832.2 repealed the Billings decision. We do not agree. All that was done was to provide certain policemen with overtime compensation. The effect of the legislation did not affect the status of policemen in third class cities, and they are still bound by the provisions of the Billings decision. It is a legislative matter to decide whether or not policemen of third class cities and towns are to be given overtime compensation.

Appellant then raises the issue of whether section 11-1832.2 violates the rights of policemen in third class cities by denying them overtime. This issue of unconstitutionality of the treatment of policemen of third class cities was raised for the first time on appeal. No attempt was made by appellant to serve the Attorney General of the State of Montana. We hold, therefore, that the issue is not properly before this Court.

This Court in Johnson v. Doran (1975), 167 Mont. 501, 511, 540 P.2d 306, stated, "As to Doran's contention that section 66-1940(c), R.C.M. 1947, is unconstitutional, this issue was raised for the first time on appeal. This Court has consistently ruled that a constitutional issue is waived if not presented at the earliest opportunity. . ." See also Clontz v. Clontz (1975), 166 Mont. 206, 531 P.2d 1003; Union Interchange, Inc. v. Allen (1962), 140 Mont. 227, 370 P.2d 492; Rule 38, M.R.App.Civ.P.

The decision of the District Court is affirmed.

_____
                          Justice

We concur:

_____
       Chief Justice

_____

_____

_____
       Justices

-8-