No. 81-561

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

JOHN BARNICOAT,

Plaintiff and Appellant,

-vs-

COMMISSIONER OF DEPARTMENT OF
LABOR AND INDUSTRY, THE EMPLOYMENT
SECURITY DIVISION, et al.,

Defendants and Respondents.

Appeal from:  District Court of the Fifth Judicial District,
In and for the County of Jefferson, The Honorable
Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Hartelius & Associates; Cameron Ferguson, Great
Falls, Montana

For Respondent:
R. Scott Currey
~~Robert J. Campbell~~, Dept of Labor & Industry,
Helena, Montana

Submitted on Briefs: August 26, 1982

Decided: November 10, 1982

Filed: NOV 10 1982

Thomas J. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

John Barnicoat brought a legal action against the Commissioner of the Department of Labor and Industry claiming a refund of unemployment insurance benefits he paid back to the State Employment Security Division (Division). The District Court of the Fifth Judicial District, Jefferson County, sitting without a jury, dismissed Barnicoat's complaint due to his failure to exhaust statutory administrative remedies. Barnicoat appeals.

We affirm.

The following issues are presented for review:

(1) Is Barnicoat precluded from bringing a legal action in a District Court on the grounds that he failed to exhaust his administrative remedies.

(2) Does the Division have the right to demand repayment of unemployment insurance benefits paid to an unemployed person who later receives back pay for the period of his unemployment through a labor grievance arbitration proceeding.

Barnicoat was employed by the Boulder River School and Hospital, Boulder, Montana, from September 1978 to June 18, 1979, when he was terminated. On June 19, 1979, he applied for unemployment insurance benefits and received $1,022 in benefits for the period of June 18, 1979, through September 29, 1979. Barnicoat also filed a grievance through his union, the American Federation of State, County, and Municipal Employees, contesting the termination. The grievance resulted in a decision issued September 24, 1979, reinstating Barnicoat and awarding back pay in the amount of $1,004. On November 2, 1979, Barnicoat contacted the Division by telephone and informed them of his back pay award and on that same day made payment to the Division of $1,000.

-2-

The first issue is whether Barnicoat is precluded from bringing a legal action in a District Court on the grounds that he failed to exhaust his administrative remedies. The District Court dismissed the action on that ground.

Subsequent to applying for and receiving unemployment benefits, Barnicoat was awarded back pay for the same period. Barnicoat's paying the $1,000 back to the Division triggered a reconsideration of his claim under section 39-51-2404(2), MCA, which provides:

> "(2) The deputy may for good cause reconsider his decision and shall promptly notify the claimant and such other interested parties of his amended decision and the reasons therefore."

On November 6, 1979, Barnicoat was sent a letter by the Division which provided:

> "You were indebted to this agency for $1,022.00 due to your reward of back-pay. You had received checks (14) for weeks ending 6-30-79 through 9-29-79 at $73.00 each. We are in receipt of your check for $1,000.00 which leaves an over-payment balance of $22.00.
>
> "It is the decision of this agency that you refund the amount shown due."

The letter also included the Division's standard notice of appeal, which provides:

> "APPEAL RIGHTS: Any claimant or employer who believes that the decision of a Claims Examiner is contrary to the law or the facts, may request a redetermination from the Claim Examiner, or may appeal from his decision through a local office of the commission, requesting a review and stating the reasons therefor. Appeals must be filed within five (5) days after receipt of this notification or within seven (7) days after notification is mailed."

Barnicoat never has paid the remaining $22 requested by the Division.

No request for a redetermination was made by Barnicoat nor was any appeal taken from the decision. Section 39-51-2402(4), MCA, contains the following requirements on redeterminations or appeals:

-3-

"(4) A determination or redetermination shall
be deemed final unless an interested party
entitled to notice thereof applies for recon-
sideration of the determination or appeals there-
from within 5 days after delivery of such
notification or within 7 days after such
notification was mailed to his last known address,
provided that such period may be extended for
good cause."

The foregoing statute requires the conclusions that the redetermination of the Barnicoat claim by the Division became final because of the absence of a request for redetermination or an appeal.

Sections 39-51-2402, -2403 and -2404, MCA, describe the appeal process which is provided for claims and redetermination of claims. In the initial appeal, an appeals referee makes findings and conclusions and furnishes a copy of his decisions and the findings and conclusions to the parties. The appeals referee's decision becomes final unless further review is initiated within the stated periods of time. Next, any dis-satisfied party may appeal from the decision of an appeals referee to the Board itself. The decision of the Board becomes final unless an interested party requests a rehearing or initiates judicial review by filing a petition in District Court within thirty days of the date of mailing of the Board's decision. Section 39-51-2410(1), MCA, in pertinent part provides with regard to finality and judicial review:

"Any decision of the board in the absence of an
appeal therefrom as herein provided shall become
final 30 days after the date of notification or
mailing thereof . . . and judicial review thereof
shall be permitted only after any party claiming
to be aggrieved thereby has exhausted his remedies
before the board."

The statutory provision allowing judicial review only after exhaustion of remedies administratively is consistent with prior holdings of this Court:

-4-

"It is a general principle that if an administrative remedy is provided by statute, that relief must be sought from the administrative body and the statutory remedy exhausted before relief can be obtained by judicial review." State ex rel. Jones v. Giles (1975), 168 Mont. 130, 132, 541 P.2d 355, 357.

Barnicoat repaid to the Division the $1,000 on November 2, 1979. The Division wrote Barnicoat on November 6, 1979. No action was taken in response to the Division letter. Barnicoat's attorney wrote a letter to the Division, dated December 5, 1980, attempting to challenge the repayment. Next, a complaint was filed in District Court by Barnicoat on March 12, 1981.

Barnicoat completely failed to utilize the rehearing and appeal processes provided by statute. Barnicoat failed to exhaust all of his remedies available within the agency and is precluded from requesting judicial review in a District Court. The lower court was correct in dismissing the complaint on the ground that Barnicoat failed to exhaust his administrative remedies. Because of the holding on this issue, it is not necessary to consider the second issue.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices