No. 89-105

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

COTTONWOOD HILLS, INC.,
a Montana corporation,

        Plaintiff and Appellant,

  -vs-

STATE OF MONTANA, DEPARTMENT OF LABOR &
INDUSTRY, UNEMPLOYMENT INSURANCE DIVISION,
and WORKERS' COMPENSATION DIVISION,

        Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Eighteenth Judicial District,
             In and for the County of Gallatin,
             The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Karl P. Seel; White & Seel, Bozeman, Montana

    For Respondent:

        James Scheier, Agency Legal Services, Helena, Montana

_____

Submitted on Briefs:  June 30, 1989

Decided:  August 11, 1989

Filed:

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

The District Court, Eighteenth Judicial District, dismissed the complaint of Cottonwood Hills, Inc., which sought money damages and judicial review of a workers' compensation action. Cottonwood Hills, Inc., appeals.

The issue on appeal is whether the District Court abused its discretion by granting defendants' motion to dismiss the complaint.

We affirm.

Cottonwood Hills, Inc. (Cottonwood), is a closely-held family corporation. In April 1985 Cottonwood hired several workers/contractors to build a pro shop at the public golf course near Bozeman, Montana. It is the characterization of these workers which was at the heart of this dispute.

In January 1987 the Unemployment Insurance Division (UID) of the Department of Labor and Industry (Department) notified Cottonwood that it would be the subject of an audit. As a result of that audit, UID determined that Cottonwood was not paying the proper rate of unemployment insurance contributions. The UID found that three of Cottonwood's workers must be characterized as employees, not independent contractors, and thus additional premiums were owed. The Uninsured Employers' Fund and the State Compensation Insurance Fund (State Fund) assessed additional premiums and penalties against Cottonwood. Cottonwood appealed that decision.

A contested case hearing as allowed under section 2-4-601 et seq, MCA, was held before the Employment Relations Division of the Department on April 19, 1988. A decision was issued upholding the additional assessments made by the UID. The Board of Labor Appeals affirmed the findings and decision on July 8, 1988.

During the same time period, Cottonwood requested a contested case hearing before the Division of Workers' Compensation (DWC) of

2

the Department. Hearing was held February 10, 1988, and a proposed order issued on March 30, 1988, in favor of the DWC and UID. The administrator of the DWC upheld the assessments made by the State Fund and Uninsured Employers' Fund in a final order dated October 14, 1988.

On August 11, 1988, Cottonwood filed a complaint in District Court. The complaint contested the final decisions of the DWC and the UID, alleged that they had not dealt with Cottonwood in good faith and requested money damages. The defendants (DWC, UID, the Department and the State) moved to dismiss the complaint as filed in an improper forum. The District Court granted defendants' motion. Cottonwood appeals.

For this Court to reverse the District Court's grant of this motion, Cottonwood must make a showing that the District Court abused its discretion by dismissing the complaint. Gold Reserve Corporation v. McCarty (Mont. 1987), 744 P.2d 160, 44 St.Rep. 1723. Cottonwood is unable to make that showing.

We conclude the District Court properly dismissed Cottonwood's complaint.

Procedures for judicial review of administrative rulings are found in Part 7, Montana Administrative Procedure Act (MAPA), sections 2-4-701 through -711, MCA. Additionally, there are detailed review provisions set forth under the "Unemployment Insurance" statutes which govern the initial dispute in this case. Specifically applicable are section 39-51-1109 (tax appeals); section 39-51-2403 (decisions of appeals referee); and section 39-51-2404, (appeal to board). Compliance with the procedures is mandatory because only after the procedures have been followed is the District Court vested with jurisdiction. F.W. Woolworth Company v. Employment Security Division (Mont. 1981), 627 P.2d 851, 38 St.Rep. 694.

3

The proper procedure for review of administrative rulings adverse to Cottonwood is set forth below.

Pursuant to section 39-51-1109, MCA, Cottonwood already requested a hearing before an appeals referee to contest UID's additional assessment. See also, sections 39-51-2403 and -2404, MCA.

Pursuant to section 39-51-2404, MCA, Cottonwood then appealed the decision of the appeals referee to the Board of Labor Appeals. At this juncture, Cottonwood's proper review procedure was to file a petition (not a complaint) with the District Court. This Cottonwood failed to do.

Section 39-51-2410(2), MCA, states that the petition "which need not be verified but which shall state the grounds upon which a review is sought, shall be served upon the commissioners of Labor and Industry and all interested parties . . . " The District Court would then review the matter to determine if the findings of the Board of Labor Appeals were based on substantial credible evidence. Cottonwood failed to follow the correct procedure. Dismissal of the complaint on that issue was proper and is hereby affirmed.

Regarding the DWC decision, Cottonwood also is in error. Any appeal of a workers' compensation decision must be filed with the Workers' Compensation Court and not the District Court. Section 39-71-2041, MCA; section 24.29.207(2), A.R.M. The District Court specifically cited these sections when it noted that the review of the DWC decision was not properly before it. We agree and affirm the dismissal as to that issue.

We note that dismissal of the complaint seeking money damages was also proper. Cottonwood alleged that the defendants had breached the covenant of good faith and fair dealing which attached to their contract (the workers' compensation insurance policy issued by State Fund to Cottonwood in 1986). The District Court

4

noted that claims for breach of the covenant or "bad faith" are also tort actions in Montana. Gates v. Life of Montana Insurance Co. (1983), 205 Mont. 304, 668 P.2d 213. We agree.

It is well-settled law that all tort claims against the State must first be filed with and reviewed by the Department of Administration. See, section 2-9-101, MCA, et seq., the State Tort Claims Act. Such was not done in this case, and the District Court had no jurisdiction to review the matter. It was properly dismissed.

We note that dismissal of the claim alleging breach of the covenant of good faith and fair dealing was not challenged by Cottonwood on appeal, and, therefore, its dismissal would have been upheld in any event.

Cottonwood is unable to show any abuse of discretion in the District Court's order of December 12, 1988, dismissing its complaint.

Judgment affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5