NO.   93-131

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

HAMPTON J. BRAND,

          Plaintiff and Appellant,

     -vs-

STATE OF MONTANA, DEPARTMENT
OF REVENUE, UNEMPLOYMENT INSURANCE
DIVISION, WORKERS' COMPENSATION
DIVISION, FERGUS COUNTY "OFFICERS,"

          Defendants and Respondents.

APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

          For Appellant:

               Hampton J. Brand, Lewistown, Montana, Pro Se

          For Respondent:

               David L. Nielsen, Department of Revenue, Helena,
               Montana

                              Submitted on Briefs:   June 10, 1993

                                        Decided:   July 15, 1993

Filed:

                              _____
                                        Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Tenth Judicial District Court, Fergus County, dismissing appellant Hampton J. Brand's (Brand) petition for judicial review and dismissing his document entitled "Writ of Civil Habeas Corpus" on the grounds that it is incomprehensible and unauthorized as a pleading under any statute or rule. We affirm.

The Department of Revenue (the Department) issued a warrant for distraint on January 29, 1993, for $11,883.56 in past due income tax, interest, and penalties. On February 5, 1993, Brand filed a document with the District Court entitled "Motion For Stay Of Judgment (Warrant For Distraint No. WIT0091868) And Request For A Judicial Review, Tenth Judicial District Court, Fergus County, Montana Republic." The substance of this document was a plea to the District Court to forgive his late filing of the request for judicial review in order to allow him to defend the charges. The caption of this document listed only the Department as a defendant. The Department was not properly served with a copy of the document. The other parties listed above were added to the caption in Brand's notice of appeal. According to the District Court file, none of these parties have been served either.

On February 18, 1993, Brand filed a document entitled "Writ of Civil Habeas Corpus." For the most part this document is incomprehensible, but it appears to request the appearance of

2

numerous individuals, presumably in connection with his request for judicial review.

That day, the District Court entered an order in which it noted that Brand had failed to follow the procedural requirements for judicial review found in § 2-4-702, MCA. The court also noted that Brand appeared to admit he missed the requirement that he file his petition for judicial review within thirty days of service of the final agency decision. Because the petition was defective, the District Court dismissed it for lack of jurisdiction, leaving open the possibility that Brand could refile if all procedural requirements, including time requirements, were met. The court also dismissed the "Writ of Civil Habeas Corpus," because it was not an authorized pleading under any of the applicable statutes or rules.

The above facts are all that can be gleaned from the District Court file. On appeal to this Court, however, it appears from his brief and documents appended thereto that Brand is aggrieved by some actions taken by the State of Montana, Unemployment Insurance Division and what was formerly known as the Workers' Compensation Division of the Department of Labor and Industry.

The sole issue on appeal is whether the District Court erred in dismissing this matter for lack of jurisdiction.

Section 2-4-702, MCA, sets forth the procedure by which to initiate judicial review of a contested case. Brand's petition fails to meet the requirements of this section in at least two areas. Before we address those areas we note that Brand's petition

3

may be defective in one other area.  Section 2-4-702 (2) (a), **MCA,** provides:

> Proceedings for review shall be instituted by filing a petition in district court within 30 days after service of the final decision of the agency or, if a rehearing is requested, within 30 days after the decision thereon. . . .

In his petition, Brand admits missing a deadline.  Because the petition lacked any of the details required by statute, the District Court only assumed that the statute cited above was the deadline to which Brand referred.  The District Court dismissed the petition without prejudice, leaving open the possibility that Brand could refile if the filing deadline were met.  However, the District Court did not rely on this point to dismiss the petition, and we need not rely on it to affirm the District Court.

We next address the content requirements for the petition itself.  Those requirements are addressed in § 2-4-702(2)(b), MCA, which provides:

> The petition shall include a concise statement of the facts upon which jurisdiction and venue are based, a statement of the manner in which the petitioner is aggrieved, and the ground or grounds specified in 2-4-704(2) upon which the petitioner contends he is entitled to relief.  The petition shall demand the relief to which the petitioner believes he is entitled, and the demand for relief may be in the alternative.

Brand's petition fails to meet any of these requirements. It only admits failure to meet a deadline and prays that the court will overlook that requirement and permit him to defend against the administrative action.  Therefore, the petition is procedurally defective.  This defect, especially the failure to establish jurisdiction, leads to the final reason the District Court properly

4

dismissed the petition.

Under § 2-4-702(1)(a), MCA, "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review . . . ." Failure to exhaust all administrative remedies precludes judicial review. See Cottonwood Hills v. Department of Labor and Indus. (1989), 238 Mont. 404, 406, 777 P.2d 1301, 1302, where we said that "[c]ompliance with the [initial review procedures for an unemployment insurance claim] is <u>mandatory</u> because only after the procedures have been followed is the District Court vested with jurisdiction." See also Gilpin v. State (1991), 249 Mont. 37, 812 P.2d 1265 (district court did not err in dismissing the plaintiffs' claim on the ground that it lacked jurisdiction because the plaintiffs had failed to exhaust their administrative remedies); and Barnicoat v. Commissioner of Dept. of Labor and Indus. (1982), 201 Mont. 221, 653 P.2d 498 (plaintiff's failure to utilize agency rehearing and appeal process precluded him from requesting judicial review in district court). Nothing in the petition indicates that Brand has exhausted all of his administrative remedies. Brand failed to include any facts in his petition to establish jurisdiction. Therefore, we hold that the District Court did not err in dismissing the petition for lack of jurisdiction over the matter.

Nor did the District Court err in dismissing Brand's document entitled "Writ of Civil Habeas Corpus" as an incomprehensible and unauthorized pleading. Brand simply has no authority to issue a

writ commanding a district court judge or anyone else to appear.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
                                         Justice

We concur:

_____

_____

_____

_____
       Justices

6

July 15, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Hampton J. Brand
c/o Route 2, Box 2184
Lewistown, MT 59457


David Woodgerd
Chief Legal Counsel
Department of Revenue
Mitchell Bldg.
Helena, MT 59620


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy