STATE EX REL. JEROME P. DOLAN v. CIVIL SERVICE
BUREAU OF CITY OF ST. PAUL AND OTHERS.

197 N. W. 2d 711.

May 5, 1972—No. 42816.

*Collins & Abramson* and *Theodore J. Collins,* for appellant.

*Daniel A. Klas,* Corporation Counsel, and *R. Scott Davies,* Assistant Corporation Counsel, for respondents.

Heard before Murphy, Peterson, Kelly, and Hachey, JJ.

PER CURIAM.

Appeal from an order of the district court quashing a writ of certiorari issued to review the action of the Civil Service Bureau of the city of St. Paul which denied a veterans' preference credit to appellant after a promotional examination for the position of police lieutenant. The issue is whether the court gave unlawful retroactive effect to Minn. St. 197.45, subd. 3, effective May 28, 1967, which limits a veterans' preference 5-point credit to only one promotion based on a promotional examination given by a governmental agency having an established civil service or merit system.

The facts are not in dispute. Appellant, Jerome P. Dolan, is employed by the city of St. Paul in its Department of Public Safety as a police sergeant. He gained promotion to that position on September 30, 1967, after successfully qualifying by competitive examination. The notice for that examination was posted on April 10, 1967, and appellant completed an application for the examination and filed a claim for veterans' preference on April 17, 1967. At that time the veteran was allowed an absolute preference in promotion. Minn. St. 1965, § 197.45, subd. 2. The examination was given on May 20, 1967.

On May 28, 1967, an amendment to § 197.45 became effective which established standards for the veterans' preference in promotional examinations. By Ex. Sess. L. 1967, c. 4, § 2, the legislature expanded the

definition of a veteran (see, Minn. St. 197.45, subd. 1) and added § 197.45, subd. 3, which provides:

"In any governmental agency having an established civil service or merit system where an applicant is a veteran and he has passed the promotional examination, he may elect to have a credit of five points to the examination rating. The decision to make such election may be made either before or after the examination. If the election is made and the promotion is gained, such election shall preclude the use of a five point preference in further promotions. The name of the veteran or disabled veteran with such augmented rating shall be placed on the list of eligibles along with other eligible persons for the position or place, but the name of the veteran shall be entered ahead of a nonveteran when the ratings are the same."

On June 9, appellant received a letter from the Civil Service Bureau, explaining the new law, voiding his previous election of veterans' preference, and explaining the consequences of a renewed election for credit to be applied on the results of his rating. On June 23, the results of the examination were made known and, on June 29, appellant asserted a new claim for veterans' preference pursuant to § 197.45, as amended. The ranking for promotion for sergeant on this examination was done under the new law. The list prepared showed the five-point advantage only for veterans who filed a claim for that preference. There was no absolute preference accorded the veterans for this promotion as would have been the procedure under the former law. Without consideration of veterans' preference, appellant scored fifth on the examination. With the addition of the five-point credit, he ranked third; without the credit, he would have ranked ninth. On the basis of his augmented rating, appellant received promotion to sergeant on September 30, 1967, approximately 3 months earlier than he would have been appointed without the credit. He therefore benefited by the exercise of his five-point preference.

On March 25, 1970, notice was given of a promotional examination for the position of police lieutenant. Appellant applied for the examination and filed for a veterans' preference. The examination was given on May 2, and the results were posted on June 22, 1970. Appellant's claim for veterans' preference was denied on the grounds that he had exhausted such credit in the 1967 sergeant's examination. Although appellant scored second on a list of 14 eligibles, after addition of the 5-point credit to the score of those considered eligible for a veterans' preference, he was listed tenth.

The district court upheld the Civil Service Bureau in denying the veterans' preference to appellant in the examination for lieutenant, being of the view that § 197.45, subd. 3, was in force and effect and had applied to appellant's examination for promotion to the rank of sergeant. Appellant argues that § 197.45, subd. 3, was unlawfully retroactively applied in that instance; that when he applied to take the examination for sergeant, and when he subsequently took it on May 20, he had a right to absolute veterans' preference. He contends that, after he took the examination, the legislature changed the rules, denied him the benefits of the law existing at the time the test was taken, and required him to make an election which had application only to future promotional examinations. He insists that when he took the examination he was entitled to an absolute veterans' preference without options or qualifications. The bureau, on the other hand, argues that the effective event to which the amendment applies was the grading of his examination and, as the court noted, the legislature intended that its provisions should apply to a point in time after the veteran "has 'passed' the promotional examination."

We hold that there has been no retroactive application of the amendment, that appellant's rights have not been denied, and that the decision of the bureau and the district court must stand.

In State ex rel. Kangas v. McDonald, 188 Minn. 157, 246 N. W. 900 (1933), this court passed on the application of a then recently passed veterans' preference statute. The applicant, a qualified veteran under the statute, had taken the written examination for the position of fireman in Hibbing, Minnesota. On April 23, 1931, he was notified that he had passed and was then given a physical examination on April 25, 1931. That same day, L. 1931, c. 347, which made the veterans' preference applicable to that civil service position, was signed into law. The applicant was notified on May 15, 1931, that he had passed the physical examination and that he had been placed on the eligible list, but he was listed 19th of 33 and, therefore, was not one of the 10 certified for the eight available positions. The list was prepared without reference to the veterans' preference statute. The court held that the statute was operative to grant the applicant a veterans' preference in seeking the appointment, stating (188 Minn. 162, 246 N. W. 901):

"* * * The results of the physical examination were not arrived at until several days [after the statute became effective]. The relative standings of the various applicants could not be ascertained until the final marks in the mental and physical examinations had been averaged. This tabulation was not completed for some time. The names on

the eligible register were not certified to the appointing officer until May 28. The suggestion that the 1931 law was not operative as far as Kangas was concerned is without merit.

"All points raised by appellants have been considered. We hold that Kangas was entitled to have his name placed on the list certified to the appointing officer and that the decision of the lower court was correct."

The same considerations are applicable here. Although appellant had taken the examination prior to the effective date of the amendment, not all of the events required to prepare the promotion list had been completed. The evidence shows that the examinations were corrected and the list of those passing the examination was prepared, both events occurring after the effective date of the amendment. The promotion list was properly prepared with reference to the new law, and the applicants were given the opportunity to invoke the preference after the results of the examination were announced, as the law requires. This was not a retroactive application of a statute to a vested right, but, because the events were not completed until after the statute went into effect, it was an application of an existing statute to a present situation.

Veterans' preference rights are not rights that have been earned through years of service to the state. They are a gratuity, given to a class of persons to show the state's appreciation for service in the Armed Forces of the United States, and they do not amount to vested rights in the recipients. In re Ally, 33 Misc. 2d 417, 226 N. Y. S. 2d 602 (1962), citing Lynch v. United States, 292 U. S. 571, 54 S. Ct. 840, 78 L. ed. 1434 (1934). Therefore, a veterans' preference right can be adjusted when and as the legislature sees fit without violating any vested rights.

Appellant also contends that the amendment to § 197.45 intended only a change in the ranking of the veterans among those given preference while retaining an absolute promotional preference for all veterans as compared to all nonveterans. This contention is without merit. The language of § 197.45, subd. 3, itself prevents such an interpretation. The last sentence provides:

"* * * The name of the veteran or disabled veteran with such augmented rating shall be placed on the list of eligibles along with other eligible persons for the position or place, but the name of the veteran shall be entered ahead of a nonveteran when the ratings are the same."

If all veterans were to have absolute preference over all nonveterans, it would be impossible to have ratings which were the same, yet the statute provides for that contingency.

The district court is affirmed.

Mr. Justice Todd and Mr. Justice MacLaughlin, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.