No. 84-194

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

RICHARD T. CONBOY,

              Plaintiff and Appellant,

-vs-

THE STATE OF MONTANA,
and ETHEL HARRISON, Clerk
of the Supreme Court of the
State of Montana,

              Defendants and Respondents.

APPEAL FROM:  District Court of the First Judicial District,
             In and for the County of Lewis & Clark,
             The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Garrity, Keegan & Brown; Donald Garrity argued,
            Helena, Montana

      For Respondent:

            Luxan & Murfitt; Patrick Melby argued, Helena,
            Montana

      For Amicus Curiae:

            Jack Holstrom, Dept. of Highways, Helena, Montana
            John L. Hollow for Rodney Nick, Helena, Montana
            Roy Andes, Agency Legal Services Bureau, Helena,
            Montana

Submitted:  October 23, 1984

Decided:  January 4, 1985

Filed: JAN 4 - 1985

*Ethel M. Harrison*

_____
                  Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff, Richard T. Conboy, appeals from two orders of the Lewis & Clark County District Court granting partial summary judgment in favor of defendants on plaintiff's complaint for unlawful discharge and violation of the veterans' preference. We affirm the District Court.

The issues on appeal are:

(1) Were plaintiff's constitutional or statutory rights violated by his removal from the Office of Deputy Clerk of the Supreme Court or by the Clerk of Court's failure to appoint him to that position?

(2) Does plaintiff have a claim of veteran's preference to the Office of Deputy Clerk of the Supreme Court?

Richard Conboy served in the capacity of Deputy Clerk of the Supreme Court of Montana from January 1, 1963, until January 3, 1983, during which time Thomas J. Kearney served as the Clerk of Court. Conboy ran in the general election of 1982 against Ethel Harrison for the Office of Clerk of Court and was defeated. Clerk-elect Harrison appointed Phyllis Neild as Deputy Clerk and both commenced their terms of office on January 3, 1983.

Following the general election, Clerk-elect Harrison had notified Conboy that she intended to exercise her right to appoint the deputy clerk and that, effective January 3, 1983, Conboy's services would no longer be required. Conboy informed Harrison by letter dated December 20, 1982, that his official job description was court attendant and that his employment could not be summarily terminated. On January 3, 1983, Harrison issued an order removing Conboy's name from the Clerk of Court's payroll.

Following the November general election but prior to January 3, 1983, Clerk-elect Harrison initially offered to

appoint a woman who had been recommended by a mutual friend for the Office of Deputy Clerk. The would-be appointee declined the appointment. Harrison then offered to appoint Phyllis Neild as the Deputy Clerk. Ms. Neild had worked in the Office of the Clerk of the Supreme Court for some time and Mrs. Harrison knew her prior to the 1982 election. Ms. Neild accepted the appointment as Deputy Clerk of the Supreme Court. The record does not indicate exactly when these offers of appointment were made, nor does it show whether Clerk-elect Harrison appointed Phyllis Neild Deputy Clerk prior to receiving Mr. Conboy's letter of December 20, 1982.

On April 15, 1983, Conboy filed suit against Ethel Harrison and the State of Montana claiming that he had been an employee of the Office of the Clerk of the Supreme Court for more than twenty years, that he had been unlawfully discharged based on his political beliefs, age and sex, and that his discharge violated his employment rights as a veteran. The District Court permitted plaintiff to file two amended complaints. All three complaints were unverified.

Defendants filed a motion for summary judgment on both the unlawful discharge and veteran's preference causes of action, asserting that there was no genuine issue as to any material fact and that defendants were entitled to judgment as a matter of law. Conboy testified as the only witness at the hearing on defendants' motion for summary judgment. No affidavits, admissions, answer to interrogatories or depositions were filed by plaintiff in opposition to defendants' motion. Since the complaint and amended complaints were unverified, Conboy's testimony and the exhibits admitted at the hearing constituted all of the evidence in behalf of Conboy before the court at the time it ruled on the motion.

3

Conboy testified that he had considered himself to be the Deputy Clerk of the Supreme Court, that he signed court documents in that capacity, that he had listed his occupation as Deputy Clerk and published campaign literature holding himself out to be the Deputy Clerk, and that he had the general reputation among the public of being the Deputy Clerk of the Supreme Court.

Conboy also testified that it was his understanding that he was initially hired as a court attendant and that his employment was subject to approval by the Chief Justice of the Supreme Court. However, neither the Court nor any of the justices is named as a party in this action.

All of the parties concede that Conboy was not appointed in writing to the Office of Deputy Clerk, pursuant to § 2-16-205, MCA. The parties also concede that Conboy did not subscribe, take or file an oath of office as required by § 3-2-406, MCA.

The District Court granted partial summary judgment in favor of defendants on the unlawful discharge count of plaintiff's complaint and required additional briefing on the veteran's preference cause of action. The District Court later granted partial summary judgment on the second issue and dismissed plaintiff's complaint.

The District Court held that plaintiff's failure to file an oath of office, as required by law, invalidated his alleged appointment as Deputy Clerk and that that office became vacant upon plaintiff's failure to file within the statutory time for filing. Although Conboy functioned in the capacity of Deputy Clerk for nearly 20 years, the Court held he did so absent a valid appointment and was therefore a de facto public officer. The court reasoned therefore that defendant Harrison had the right, at any time, to fill the

4

vacancy that existed in the Office of Deputy Clerk since the Clerk of Court's appointment power is plenary under the statutes. The District Court concluded that plaintiff's constitutional rights were not violated nor was he illegally discriminated against.

The District Court further concluded that the Montana Legislature's repeal of the old veterans' preference statutes and termination of claims pending under those statutes was valid. The court reasoned that the statutory veterans' preference was a gratuity repealable at any time, that plaintiff had no vested right to any preference, and that Art. II, sec. 18, Mont. Const., which requires a two-thirds vote of the legislature for a waiver of sovereign immunity, did not apply to the legislative repeal of the old preference law. The District Court concluded that plaintiff was entitled to no relief whatsoever and dismissed the complaint with prejudice.

I

Before we address the specific issues, it is necessary to analyze the nature of the Office of Deputy Clerk and the nature of the office which plaintiff contends he held during past years.

The parties agree that the Office of Deputy Clerk is a public office held by appointment of and at the pleasure of the Clerk of the Supreme Court, who is elected by the people of Montana. Section 3-2-406, MCA provides:

> "The clerk of the supreme court shall appoint a deputy who, in the absence of the principal or in the case of vacancy in his office, shall perform all the duties of office until such disability be removed or vacancy be filled. Such deputy shall subscribe, take, and file the oath of office provided by law for other state officers before entering upon the performance of his duties."

5

The term of office of the Clerk of Court is six years. Section 3-2-401, MCA. The term of office of the Deputy Clerk is not fixed by law. "Every office of which the duration is not fixed by law is held at the pleasure of the appointing power." Section 2-16-213(1), MCA. Therefore, the Office of Deputy Clerk of the Supreme Court is held at the pleasure of the Clerk of the Supreme Court.

The parties agree that plaintiff was not appointed Deputy Clerk in writing as required by § 2-16-301(3), MCA. They also agree that plaintiff did not subscribe, take and file the oath of office as required by § 3-2-406, MCA.

From January 31, 1963 until January 3, 1983, the Office of Deputy Clerk was in fact vacant under § 2-16-501(9), MCA. That section provides that an office becomes vacant upon the incumbent's refusal or neglect to file an official oath within the time prescribed. We therefore conclude that plaintiff was not the de jure, or lawfully appointed Deputy Clerk of the Supreme Court. At most, he was a de facto or acting Deputy Clerk during the period of approximately twenty years in which he acted as Deputy Clerk.

The general rule with regard to the right of removal of an officer whose term of office is not definite is stated in State v. Sullivan (1935), 98 Mont. 425, 438, 40 P.2d 995, 998:

> "Where provision is made for the appointment of an officer, but no definite term is prescribed, the appointing power may remove the appointee at will, without notice or opportunity to be heard."

In view of that holding and of § 2-16-213(1), MCA, which defines the term of the office of Deputy Clerk to be "at the pleasure of the appointing power," the Clerk of Court may be classed as having the right to remove the appointee at will, without notice or opportunity to be heard. However, we need

6

not specifically rule on that point. Since we conclude that plaintiff did not hold public office under a valid appointment, his removal from a public office is not a question before us.

Upon the facts of this case, the District Court correctly concluded that the Office of Deputy Clerk of the Supreme Court remained legally vacant from the expiration of the time within which plaintiff was required to file an oath of office in 1963, when he began serving as the de facto Deputy Clerk, until 1983 when a de jure Deputy Clerk was validly appointed.

With regard to the vacancy in office, State v. Stafford (1935), 99 Mont. 88, 93, 43 P.2d 636, 638-39, states:

"Any office becomes vacant on the happening of either of the events enumerated in section 511 of the Revised Codes of 1921 [now 2-16-501, MCA], the ninth of which is when the person elected or appointed to the office refuses or neglects to file his official oath or bond within the time prescribed. Such a vacancy must be filled by the official authorized to do so, as soon as it occurs, as the appointing power is plenary."

We therefore hold that upon the failure of the plaintiff to file an oath of office in 1963, his term of office as Deputy Clerk terminated by statute, and the Clerk of Court could at any time fill the vacancy by appointment of a de jure officer.

II

Were plaintiff's constitutional or statutory rights violated by his removal from the Office of Deputy Clerk of the Supreme Court or by the failure of the Clerk of Court to appoint him to that position?

Plaintiff contends that his employment could not be terminated because of his political beliefs, age or sex, and that it constituted unlawful discrimination for the same reasons not to reappoint him as Deputy Clerk. He contends that failure to file an oath of public office did not place

7

him outside the protection of the state and federal constitutions and statutory prohibitions against employment discrimination.

The only indication in the record that any discrimination might have occurred are the allegations in plaintiff's complaint. The deposition of Ethel Harrison, filed with the District Court prior to defendants' motion for summary judgment, contains sworn statements that Harrison "never even considered him [Conboy] as wanting to stay. He was never in my thinking." Conboy's testimony does not contradict this statement, nor does it in any manner support the allegations of discrimination contained in his complaint.

Rule 56(e), M.R.Civ.P. provides in part that:

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations . . . of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In opposing defendants' motion for summary judgment, plaintiff made only one reference to his allegations of discrimination by Clerk-elect Harrison. He testified as follows:

"Q. Are you familiar with the allegation in paragraph six [of the second amended complaint] that the defendants replaced plaintiff, you, with a woman more than 10 years your junior? You familiar with that allegation?

"A. Yes."

No evidence of discrimination was put forth in opposition to defendants' motion for summary judgment. Mrs. Harrison had indicated in her deposition prior to the hearing that Mr. Conboy's political affiliation played no part in her decision not to reappoint him and that she never considered him in the first place. The record contains no evidence

8

tending to indicate that plaintiff's sex, age or political beliefs may have been a basis for any discrimination by Harrison.

Plaintiff could not rest on the mere allegations of discrimination contained in his complaint. Rule 56(e), M.R.Civ.P.

> "Failure of the party opposing the motion to either raise or demonstrate the existence of a genuine issue of material fact, or to demonstrate that the legal issue should not be determined in favor of the movant, is evidence that the party's burden was not carried. Summary judgment is then proper, the court being under no duty to anticipate proof to establish a material and substantial issue of fact." State ex rel. Burlington North., Inc. v. District Ct. (1972), 159 Mont. 295, 300, 496 P.2d 1152, 1155.

In the absence of a factual showing of discrimination, we do not rule upon whether it may be unlawful for an elected public officer to discriminate on the basis of sex, age or political affiliation in the discharge or appointment of a deputy.

We affirm the summary judgment in favor of defendants on the unlawful discharge count of plaintiff's complaint.

### III

Does plaintiff have a claim of veteran's preference to the Office of Deputy Clerk of the Supreme Court?

The second count of Conboy's amended complaint alleged that he was entitled to the veterans' preference in employment. He further alleged that the Montana Legislature's repeal of certain sections of the Act was invalid. He asserts that he was entitled to an absolute preference in appointment based on the fact that Art. II, sec. 18, Mont. Const. requires a two-thirds vote of each house to exempt the State from suit and that the Veterans' Preference Act repealer failed to pass both houses by the requisite two-thirds vote.

9

The District Court ruled that the veterans' preference was a gratuity, repealable at any time, that the preference was not properly within the province of Art. II, sec. 18, Mont. Const., and that therefore a two-thirds vote of the legislature was not required in order to repeal the old law.

The history of the Veterans and Handicapped Citizens Employment Preference Act, § 10-2-201, et seq., MCA, from 1921 until 1983 was recently set forth in Jensen v. State, Dept. of Labor and Industry (Mont. 1984), 689 P.2d 1231, 1235, 41 St.Rep. 1971, 1975-76. That Act gave an absolute preference in appointment and employment to veterans and disabled civilians. Crabtree v. Montana State Library (Mont. 1983), 665 P.2d 231, 40 St.Rep. 963.

In December 1983, the Montana Legislature met in special session, repealed the old law and enacted a new Veterans Preference Act, which was signed into law by the Governor and became effective on December 20, 1983. Section 14 of the new law states that §§ 10-2-201 through 10-2-206, MCA are repealed and that this repeal applies retroactively to bar any claim of violation of those sections that has not been reduced to judgment by December 20, 1983. S. 2, 48th Leg., 1st Spec. Sess., 1983 Mont. Laws 1. Plaintiff's claim of violation of the Act was reduced to judgment against him on April 14, 1984.

Plaintiff's letter of December 20, 1983 is the only communication of record by plaintiff to defendant. In his letter to Clerk-elect Harrison, plaintiff did not claim the veterans' preference nor make any mention of his status as a veteran. As a result, there is nothing in the record to show that plaintiff claimed a preference at the time that the Deputy Clerk was being selected. The first reference to veterans' preference was in plaintiff's complaint, filed on

10

April 15, 1983. Nonetheless, the District Court ruled on the question of plaintiff's entitlement to veterans' preference in appointment.

In substance, the District Court held that the veterans' preference was a government gratuity which was repealable by the legislature at any time by a majority vote. We adopt the analysis of veterans' preference rights in State ex rel. Dolan v. Civil Service Bur. of St. Paul (Minn. 1972), 197 N.W.2d 711, 714, where the Minnesota Supreme Court stated:

> "Veterans' preference rights are not rights that have been earned through years of service to the state. They are a gratuity, given to the class of persons to show the state's appreciation for service in the Armed Forces of the United States, and they do not amount to vested rights in the recipients.. . . Therefore, a veterans' preference right can be adjusted when and as the legislature sees fit without violating any vested rights." (Citations omitted)

We hold that the veterans' preference rights granted under the repealed portion of the Veterans Preference Act are not rights earned through years of service to the state, but are a gratuity given to citizens of Montana by the State to show its appreciation for service in the Armed Forces. They do not amount to rights vested in the veterans.

We further point out that in repealing the old veterans' preference law, §§ 10-2-201 through 10-2-206, MCA, the legislature was not faced with any statutory or constitutional limitations on its rights of repeal. There is no provision in that Act or in the Montana Constitution limiting the legislature's right to repeal the preference. In addition, § 1-2-110, MCA, provides:

> "Any statute may be repealed at any time except when it is otherwise provided therein. Persons acting under any statute are deemed to have acted in contemplation of this power of repeal."

We conclude that the legislature properly could repeal the veterans' preference by a majority vote at any time and that

veterans acting under the old law are deemed to have acted in contemplation of that power of repeal on the part of the legislature.

We hold that plaintiff did not have a claim of veterans' preference to appointment to the Office of Deputy Clerk of the Supreme Court.

We affirm the dismissal of the plaintiff's complaint.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice Frank B. Morrison, Jr., specially concurring:

I concur in the result for the reason that the record does not present a genuine issue of material fact.

_____
Justice