No. 84-181

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986


CHARLES F. FEMLING,

    Plaintiff and Appellant,

    -vs-

MONTANA STATE UNIVERSITY, an agency
of the State of Montana, et al.,

    Defendant and Respondent.


APPEAL FROM: District Court of the Eighteenth Judicial District,
            In and for the County of Gallatin,
            The Honorable Joseph Gary, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Ted J. Doney argued, Helena, Montana


    For Respondent:

        LeRoy H. Schramm argued, Office of Commissioner of
        Higher Education, Helena, Montana
        Roger N. Flair, Montana State University, Bozeman,
        Montana


                            Submitted:   October 22, 1985

                            Decided:   February 7, 1986

Filed:   FEB 7 - 1986

                        _____
                                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Charles F. Femling appeals from an order of the Gallatin County District Court which dismissed his complaint for veterans' preference in hiring. We affirm the order of the District Court.

The issues raised on appeal are:

1. Did the retroactive repeal of the Montana veteran's preference statutes (hereinafter, the repealer) deprive Mr. Femling of an accrued cause of action in violation of the due process clauses of the Montana and United States Constitutions?

2. Did the repealer deprive Mr. Femling of a remedy for an injury in violation of art. II, sec. 16, Mont. Const.?

3. Did the repealer deprive the courts of jurisdiction in violation of the doctrine of separation of powers?

4. Did the repealer provide for sovereign immunity from accrued causes of action without a vote of two-thirds of the members of each house as required by art. II, sec. 18, Mont. Const.?

5. Did the repealer violate art. II, sec. 35, Mont. Const. and the due process clauses of the Montana and United States Constitutions by retroactively depriving Mr. Femling of a vested right and entitlement to be employed?

Charles Femling applied in August, 1983 for a position at Montana State University (MSU). He claimed entitlement to the then statutory veterans' preference in employment but was not interviewed for the job. A nonveteran was hired.

On December 19, 1983, Femling petitioned the District Court for an order for MSU to show cause why he should not be employed and given lost wages and benefits. His amended petition set forth his qualifications for the position for which he applied, and alleged that he was a qualified applicant, that he was a veteran, that he was not hired, that

2

he was physically and mentally qualified for the job, and that he possessed the business capacity, competency, and education to discharge the duties of the position. On December 20, 1983, the day after Femling filed his petition, the Governor signed the repealer, which retroactively extinguished pending claims for violations of the former law.

MSU moved for dismissal based upon the new law. Femling argued to the District Court that the new law was unconstitutional on several grounds. He asserted that the new law denied his constitutional rights to access to the courts, due process and equal protection. In addition, he asserted that the law was unconstitutional in that it impaired obligations of contract, provided immunity to the State without a required two-thirds vote of both houses, and violated the veterans' preference section of the Montana Constitution. He also claimed the new law was illegal because the bill addressed more than one subject and was altered to change its purpose during the Special Session.

MSU also moved for dismissal of Femling's petition on the ground that it failed to state a claim on which relief could be granted. MSU argued the new veterans' preference statute constituted a valid repeal of the old laws.

The District Court granted MSU's motion and dismissed Femling's petition with prejudice. The District Court held that:

(1) The veterans' preference under the old Montana statute was a gratuity.

(2) The gratuity had not vested.

(3) A gratuity may be repealed by the legislature.

(4) The legislature could abrogate Mr. Femlings's cause of action against the State.

(5) MSU is exempt from the preference by legislative enactment.

3

From this order, Mr. Femling appeals.

I.

Did the repealer deprive Mr. Femling of an accrued cause of action in violation of the due process clauses of the Montana and United States Constitutions?

In Crabtree v. Montana State Library (Mont. 1983), 665 P.2d 231, 40 St.Rep. 963, this Court determined that the statutory veterans' preference in employment was absolute. In response to the Crabtree decision, the 1983 Special Session Legislature retroactively repealed the absolute preference and enacted a tie-breaker preference. The repealer states:

> This repeal applies retroactively to bar any claim of violation or application of 10-2-201 through 10-2-206 that has not been reduced to judgment, whether or not the judgment is final, on [the effective date of this act]. Claims under 10-2-201 through 10-2-206 that have been reduced to judgment, whether or not the judgment is final, on [the effective date of this act] are enforceable.

Section 14, Ch. 1, Sp. L. Mont. 1983, set out in the Compiler's Comments to Sections 10-2-201 through 10-2-206, MCA, which were repealed in 1985. At the time of the Special Session, approximately fourteen lawsuits were pending against the State for alleged violation of the absolute preference in employment. The legislative history of the repealer "shows that the legislature was unequivocal in its aim to bar those pending claims." Nick v. Montana Dept. of Hywys. (Mont. 1985), ___ P.2d ___, 42 St.Rep. 1926.

The fourteenth amendment to the United States Constitution and art. II, sec. 17, in the Montana Constitution provide that the State may not deprive a person of life, liberty or property without due process of law.

Femling asserts that his cause of action against MSU for failure to hire and violation of the preference statute

4

accrued when the University hired a nonveteran.  He argues that cause of action became a vested property right upon the filing of his complaint.  He contends that the legislature could not repeal the law without substituting another remedy to protect his vested right to the absolute preference in employment.

"A citizen can have no vested right in a general law which can preclude its amendment or repeal, and there is no implied promise on the part of the state to protect its citizens against incidental injury occasioned by changes in the law."  Stanford v. Coram (1903), 28 Mont. 288, 293, 72 P. 655, 656.  As we noted in Conboy v. State (Mont. 1985), 693 P.2d 547, 42 St.Rep. 120, a veteran acting under the absolute veterans' preference statute did so in contemplation of the legislature's power of repeal.  Statutes may be replaced at any time, and a person acting under a statue is "deemed to have acted in contemplation of this power of repeal." Section 1-2-110, MCA.

For substantive due process protections to apply, Femling's claim to the absolute preference must be a vested right.  In Conboy, we stated that the preference statute was a gratuity given to veterans by the State.  It did not amount to a right vested in the veterans.  Conboy, 693 P.2d at 552. We reaffirmed this conclusion in Nick v. Montana Dept. of Hywys. (Mont 1985), ___ P.2d ___, 42 St.Rep. 1926.

A veteran does not have a reliance interest in the veterans' preference unless and until it is actually received.  Nick, 42 St.Rep. at 1930.  "[B]enefits conferred by gratuities may be . . . withdrawn at any time . . ." Lynch v. United States (1934), 292 U.S. 571, 577.  The Ninth Circuit Court of Appeals has characterized a claim to an unreceived gratuity as a "floating expectancy":

5

> [W]hatever anticipations a serviceman
> entertained . . . with respect to
> preferential advantage in the federal
> civil service were no more than some
> floating expectancy entirely dependent
> upon the government's bounty. A claim of
> unconstitutional deprivation cannot be
> built upon this foundation.

Monaco v. United States (9th Cir. 1975), 523 F.2d 935, 940, cert. den. 424 U.S. 914.

The giving of a government gratuity does not change the nature of the gratuity. The giving of a veterans' preference in employment does not cause that preference to become a private vested right.

We conclude that the filing of a claim to a government gratuity does not change that gratuity into a vested right. Mr. Femling's claim to and expectancy of a veterans' preference do not transform a gratuity into a protectable, vested right.

We hold that the repeal of the preference gratuity and dismissal of Mr. Femling's claim to that gratuity did not violate the due process clauses of the Montana and United States Constitutions.

II.

Did the repealer deprive Mr. Femling of a remedy for an injury in violation of art. II, sec. 16, Mont. Const.?

Article II, sec. 16, Mont. Const. provides in pertinent part:

> Courts of justice shall be open to every
> person, and speedy remedy afforded for
> every injury of person, property, or
> character.

In order for art. II, sec. 16 to apply, there must have been an "injury of person, property or character." As stated in White v. State (Mont. 1983), 661 P.2d 1272, 1275, 40 St.Rep. 507, 510: "The language 'every injury' embraces all recognized compensable components of injury . . ."

6

The veterans' preference statutes were and are enforceable by court order reopening the selection process. Sections 10-2-206, MCA (1981) and 10-2-226, MCA (1985). Neither the statutory law nor the common law has ever recognized violation of the preference statutes as compensable in money damages. Jensen v. State, Dept. of Labor and Industry (Mont. 1984), 689 P.2d 1231, 1234-35, 41 St.Rep. 1971, 1976.

We conclude that violation of the preference statute does not result in a compensable injury within the meaning of art. II, sec. 16, Mont. Const. Therefore, the repeal of the preference statute did not deprive Mr. Femling of a remedy for an injury. We hold that the repeal of the preference statute did not violate art. II, sec. 16, Mont. Const.

### III.

Did the repealer deprive the courts of jurisdiction in violation of the doctrine of separation of powers?

Mr. Femling contends that the doctrine of separation of powers prohibits the legislature from depriving the courts of jurisdiction over an action which has already been filed. He contends that the repealer has unlawfully deprived the District Court of jurisdiction over this case. MSU argues that this Court has acknowledged that a statute may wipe out pending causes of action. Continental Oil Co. v. Montana Concrete Co. (1922), 63 Mont. 223, 207 P. 116. MSU also argues that the bill repealing the Montana preference statute was drafted without reference to court jurisdiction, properly leaving interpretation of that issue to the courts.

Mr. Femling has acknowledged that this issue was not raised before the District Court. Because it was not raised below, we will not consider it on appeal. Dodd v. City of East Helena (1979), 180 Mont. 518, 523, 591 P.2d 241, 244.

## IV.

Did the repealer provide for sovereign immunity from accrued causes of action without a vote of two-thirds of the members of each house as required by art. II, sec. 18, Mont. Const.?

This issue has been decided in two previous cases. The legislature could repeal the veterans' preference by a majority vote at any time. Conboy, 693 P.2d at 552; Nick, 42 St.Rep. at 1933. The repealer does not provide for sovereign immunity. It simply revokes a gratuity. We reaffirm our holding that the legislature properly repealed the veterans' preference.

## V.

Did the repealer violate art. II, sec. 35, Mont. Const. and the due process clauses of the Montana and United States Constitutions by retroactively depriving Mr. Femling of a vested right and entitlement to be employed?

Art. II, sec. 35, Mont. Const. provides:

The people declare that Montana servicemen, servicewomen, and veterans may be given special considerations determined by the legislature.

As we discussed under issue one, the fourteenth amendment to the United States Constitution and art. II, sec. 17, in the Montana Constitution provide that the state may not deprive a person of life, liberty, or property without due process of law.

This issue, which we find nearly identical to issue one, was addressed in both Conboy and Nick. We have held that the veterans' preference was a government gratuity, and not a right vested in the veterans, Conboy, 633 P.2d at 552. We have also held that art. II, sec. 35, Mont. Const. is a permissive provision, and does not provide an independent ground for finding that the veterans' preference is more than a gratuity. Nick, 42 St.Rep. at 931. Because the preference

8

is a gratuity, and not a life, liberty, or property right, the repealer does not violate the due process clause of either the State or the Federal Constitution, and it does not deprive Mr. Femling of a right or entitlement to be employed.

The District Court's order granting MSU's motion to dismiss is therefore affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Hon. Thomas M. McKittrick,
District Judge, sitting in place
of Mr. Justice Wm. E. Hunt, Sr.

Mr. Justice Frank B. Morrison, Jr.:

As the issues are framed, I concur in the result. However, I do not agree with all that is said in the majority opinion.

_____
Justice

9

Mr. Justice John C. Sheehy, dissenting:

I dissent.

We should not approve on any ground an outright refusal of state employees in managerial position to flout the applicable statutory law. At the time Femling applied for state employment at the University, he had a statutory right to preference, which he claimed. His right to that employment became vested with his claim for preference. The statute granting veterans' preference should have been then obeyed.

An accrued statutory right of action is a vested right and is to be protected. Stucki v. Loveland (19 ), 94 Idaho 621, 495 P.2d 571, 573. Giving retroactive effect to the repeal of section 10-2-203, MCA deprives Femling of an accrued statutory right. It was no longer a possible gratuity, once he established his claim and right to the gratuity. His preference vested, but is now stripped away. I would reverse with instructions to accord him his rights as a veteran.

John C. Sheehy
_____
Justice

10